**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TANCI ISSA BALZAN, ID # 42495-177** | ) | |
|         **Petitioner,** | ) | |
| vs. | ) | No. 3:12-CV-5135-M-BH |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|         **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be summarily **DISMISSED**.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the federal prison system pending his extradition to Argentina, filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  In his petition, petitioner seeks to: 1) "condition the surrender" to Argentina upon assurances from that government that he will not be tried or detained in that country for any offense other than the one for which extradition was granted; 2) clarify the specific offense for which he is being extradited; and 3) have Argentina "acknowledge" his entire detention in this country pending extradition. (Petition at 7). Respondent is the United States of America.

On October 15, 2010, respondent filed a complaint pursuant to 18 U.S.C. § 3184 on behalf of the country of Argentina requesting that the federal court certify petitioner as extraditable to stand trial in Argentina for the crime of fraud, stemming from the theft of dresses, clothing, and purse designs, as well as sketches of clothing. (Cause No. 3:10-MJ-340, doc. 1).  A magistrate judge heard testimony and argument concerning the complaint during a hearing on May 10, 2011.  (*Id*., doc. 37).  On May 10, 2011, the magistrate judge issued a *Certification and Committal for Extradition* certifying to the

Secretary of State that pursuant to 18 U.S.C. § 3184, the Court had personal jurisdiction over petitioner, petitioner had been charged in Argentina with an extraditable offense under the extradition treaty between the two countries because it was punishable by over a year of imprisonment in both countries, and that there was probable cause to believe that petitioner had committed the offense charged. (*Id.*, doc. 33). During the extradition hearing, in response to the Government's inquiry about finding probable cause as to a "dog offense," the magistrate judge clarified that the dog offense was not included in the complaint. (*Id.*, doc. 37 at 41).

Through appointed counsel, petitioner challenged the certification and commitment order by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. His habeas petition was denied, and this denial was recently affirmed by the Fifth Circuit in a published opinion. *Balzan v. United States*, No. 3:11-CV-1155-N-BH,, 2011 WL 4840726 (N.D. Tex. Oct. 11, 2011), *aff'd*, --- F.3d ----, 2012 WL 6062561 (5th Cir. Dec. 7, 2012).

In addition to his § 2241 petition in this case, petitioner filed a third § 2241 petition requesting the issuance of a "new Certification and Committal for extradition" that "specifically indicat[es] for what offense [Petitioner] is being extradited" on November 27, 2012. (*See* No. 3:12-cv-4815-D, doc. 1 at 7). Summary dismissal of that case has been recommended. (*Id.*, doc. 6). Petitioner has also filed a fourth § 2241 petition seeking transfer within the Bureau of Prisons to a facility in Florida and assurances that he will not be detained for any other offense. (*See* No. 3:13-cv-20-L, docs. 3, 4).

## II. SUMMARY DISMISSAL

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts (providing for summary dismissal of habeas petition).[1]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Section 2241(a) provides district courts the power to grant a writ of habeas corpus. A petitioner is entitled to a writ of habeas corpus under § 2241 only to remedy his or her restraint of liberty in violation of the constitution, treaties, or laws of the United States, however. *United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952).

The Government's complaint sought petitioner's extradition to Argentina for fraud relating to the theft of dresses, clothing, and purse designs, as well as sketches of clothing. Following an evidentiary hearing, the Court found probable cause to believe that Petitioner committed the offenses alleged in the complaint and the Certification and Committal order correctly certified extradition "on all offenses for which extradition was requested." The Government did not seek extradition on the "dog offense," as the Court noted at the hearing, and as petitioner concedes in his petition. (Pet. at 6). Therefore, petitioner's request for clarification is frivolous.

Furthermore, petitioner presents no support for his assertion that this Court may "condition his surrender" upon assurances that he will not be detained or tried for another offense or that this Court may require Argentina to "acknowledge" his detention in this country.[2] Petitioner has not alleged that

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Section 2254 Rules are applicable to habeas petitions not covered under section 2254.

[2] A federal inmate who has been extradited from a foreign country is entitled to credit for the time he spent in foreign custody in connection with the offense or acts for which he is incarcerated here, 8 U.S.C.A. § 4105(b), but petitioner has cited to no support for his assertion that this Court can require Argentina to do the same.

he is restrained of his liberty in violation of the constitution, treaties, or laws of the United States. Therefore, this Court has no jurisdiction over these claims, and his petition should be summarily dismissed.

### III.  RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 should be **SUMMARILY DISMISSED** with prejudice.  In addition, petitioner should be **WARNED** that if he continues to file frivolous or duplicative habeas actions, he could be subject to sanctions, up to and including monetary sanctions payable to the Court.

**SIGNED this 11th day of January, 2013.**

```
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```